**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| McCUE et al., | 1:10-cv-00233-OWW-MJS |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT (Doc. 58). |
| v. | |
| SOUTH FORK UNION ELEMENTARY SCHOOL, et al., | |
| Defendants. | |

### I. INTRODUCTION.

Plaintiffs proceed with this civil rights action pursuant to 42 U.S.C. § 1983 against various Defendants. Plaintiffs filed a fourth amended complaint ("4AC") on March 11, 2011. (Doc. 56). Defendants filed a motion to dismiss the 4AC on March 28, 2011 (Doc. 58). Plaintiffs filed opposition to the motion to dismiss on May 2, 2011. (Doc. 63).

### II. RELEVANT FACTUAL BACKGROUND.

Plaintiff P.M. was a student at South Fork Elementary School ("the School") at all times relevant to this action. The School is part of the South Fork Union School District ("the District"). Plaintiffs Lawrence and Darlene McCue are P.M.'s parents ("the McCues"). Defendants Shannon Damron, Sabine Mixion, Robin Shive, and Karen Zurin were teachers and administrators at the School all

1

times relevant to this action.

P.M. is allergic to nuts. On December 12, 2006, the McCues met with the School's Principal, Robin Shive ("Shive"), to request accommodations for P.M.'s nut allergy from the School. Shive advised the McCues that the only accommodation the School could provide was for P.M. to sit at a nut free table in the cafeteria for lunch. During the remainder of the 2006-2007 school year, there were several additional meetings between the McCues and the District in which the McCues requested that the School stop serving nuts or products containing nuts. Shive repeatedly stated that neither the District nor the School would stop serving nuts. Plaintiffs contend the refusal to ban nuts and nut products from the District constituted a failure to make reasonable accommodation for P.M. as required by the Individuals with Disabilities Education Act.

At the beginning of the 2007-2008 school year, the McCues again met with Shive to request accommodations for P.M. Shive advised the McCues that the School could no longer have a "nut free" table, but that P.M. could eat his lunch in the office to keep him safe. The McCues were dissatisfied with Shive's proposition and continued to request further accommodation.

On February 28, 2008, the School held an event at which all of the schools students were present on the play ground at one time. During this event, P.M. was served a peanut butter containing cookie by "South Fork Elementary School." The complaint does not allege who gave P.M. the cookie. P.M. had an allergic reaction to the cookie and required medical treatment. Plaintiffs subsequently contacted the State Board of Education to report the February 28,

**2**

2008 incident.  The State Board of Education reprimanded Defendants Shive, Damron, Zurin, Mixion, and the School District.

According to the complaint, Shive and Zurin retaliated against Plaintiffs by refusing to make accommodations for P.M. and by attempting to remove P.M. from the District.  Plaintiffs further allege that Defendants engaged in conduct that they knew or should have known would result in P.M. being wrongfully taken from the McCues.  Plaintiffs allege that Defendants made knowingly false statements to doctors at Mattel Children's Hospital to encourage filing of a report with Child Protective Services.  Plaintiffs further allege that Defendants had knowledge that the County had a well established pattern, practice, and custom of violating constitutional rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution.

After receiving a referral for potential child endangerment from a doctor at Mattel Children's Hospital, the Kern County Sheriff's Department initiated an investigation into P.M.'s medical condition. Before the investigation was complete, Child Protective Services ("CPS") and James D. Stratton ("Stratton") made the decision to remove P.M. from the McCue's parents.

On or about March 6, 2008, CPS, the Kern County Sheriff's Department, and Stratton arrived at the School and removed P.M., without providing notice to the McCues. That evening, Stratton informed the McCues that P.M. was removed from their custody because "Darlene took too good a [sic] care of P.M. and was at the school with P.M. too much."  (TAC at 11).  No Defendant sought a warrant or court order authorizing P.M.'s removal from his home.

After P.M.'s removal from the McCues' custody, P.M. was

**3**

transferred out of the District to a school located in Bakersfield, California. Shive continued to disclose confidential information about P.M. and the McCues to Mattel Children's Hospital.

The morning after P.M. was removed from the McCue's custody, Shive called Plaintiff an intimated that she had caused P.M.'s removal in order to retaliate against the McCue's for reporting the cookie incident to the State Board of Education.

On March 10, 2008, Damron, P.M.s teacher, told her entire class that P.M. had been taken by Child Protective Services, would not be returning to school, and was safe. The McCue's began receiving letters from children and their families describing Damron's statements.

### III. <u>LEGAL STANDARD</u>.

**A. Motion to Dismiss Standard**

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

**4**

*Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial

notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

**B. Motion for a More Definite Statement Standard**

Federal Rule of Civil Procedure 12(e) provides in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

The Ninth Circuit has held that the federal rules ordinarily do not require the pleader to set forth "the statutory or constitutional basis for his claim, only the facts underlying it." *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990) (reviewing a Rule 12(b)(6) motion).  "A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her." *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996). A motion for a more definite statement should be denied "where the information sought by the moving party is available and/or properly sought through discovery." *Famolare, Inc. v. Edison Bros. Stores, Inc*., 525 F. Supp. 940, 949 (E.D. Cal. 1981). "Thus, a motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citing *Boxall v. Sequoia Union High School District*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979)).

# IV. <u>DISCUSSION</u>.

Defendants seek dismissal of count three of the seventh cause of action asserted in the 4AC.[1] Alternatively, Defendants assert that count three is so deficient that Defendants cannot be expected to frame a response.

**A. Motion to Dismiss**

Count three of the 4AC's seventh cause of action asserts a due process claim under section 1983 against Defendants Shive, Damron, Zurin, and Mixon based on P.M.'s removal from his parents' home. Plaintiffs' claim is characterized as a derivative due process claim, as Defendants Shive, Damron, Zurin, and Mixon were not directly responsible for removing P.M. from Plaintiffs' home. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044-1045 (9th Cir. 1994) (discussing possibility of stating derivative due process claim against defendant who did not have authority to directly effect due process violation).

Due process requires observance of procedural protections before the state may interfere with the family relationship. *E.g. Woodrum v. Woodward County*, 866 F.2d 1121, 1125 (9th Cir. 1989); *Baker v. Racansky*, 887 F.2d 183, 187 (9th Cir. 1989); *Rogers v. Cnty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007). However, the constitutional liberty interest in the maintenance of the familial relationship is not absolute. *Woodrum*, 866 F.2d at 1125. "The interest of the parents must be balanced against the

---

[1] A single reference to count one of the eleventh cause of action asserted in the 4AC is contained in the caption to section "C" of Defendants' motion. As Defendants' motion is devoid of analysis concerning any deficiency in Plaintiffs' eleventh cause of action, Defendants have not carried their burden as the moving parties.

**7**

interests of the state and, when conflicting, against the interests of the children." *Id*. (citations omitted).

Officials who remove a child from the home without a warrant must have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant. *Rogers v. Cnty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007). Serious allegations of abuse that have been investigated and corroborated usually give rise to a "reasonable inference of imminent danger sufficient to justify taking children into temporary custody" if they might again be beaten or molested during the time it would take to get a warrant. *Id*. (citing *Ram v. Rubin*, 118 F.3d 1306, 1311 (9th Cir. 1997)).

Substantive due process prevents "unwarranted interference" with the familial relationship, regardless of what procedures are employed. *See, e.g., Crowe v. County of San Diego,* 608 F.3d 406*,* 441 n.23 (9th Cir. 2010) ("'unwarranted state interference' with the relationship between parent and child violates substantive due process") (citing *Smith v. City of Fontana*, 818 F.2d 1411, 1419-1420 (9th Cir. 1987) *overruled in part on other grounds by Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1041 n.1 (9th Cir. 1999)).[2]  Interference with the familial relationship is "unwarranted" when it is effected for the purposes of oppression. *Fontana*, 818 F.2d at 1420 (citing *Daniels v. Williams*, 106 S. Ct. 662, 665 (1986) (substantive due process prevents use of governmental power for purposes of oppression regardless of the

---

[2] In *Crowe*, the Ninth Circuit cited *Fontana* as authority for the proposition that the substantive due process standard is "unwarranted interference," not the "shocks the conscience" standard. 608 F.2d at 441 n. 23.

**8**

fairness of the procedures used)).

Count three of the 4AC's seventh cause of action purports to assert a substantive due process claim. The memorandum decision dismissing Plaintiffs' third amended complaint provided the following analysis of the pleading deficiencies of Plaintiffs' substantive due process claim:

> The gravamen of Plaintiff's claim is that Damron, Shive, and Zurin made false statements calculated to cause P.M. to be removed from the McCues' custody. Plaintiffs aver that they have properly alleged section 1983 liability under *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044-1045 (9th Cir. 1994). (Doc. 47, Opposition at 2).
>
> To properly allege that Damron, Shive, and Zurin set in motion a series of acts that they reasonably knew would cause the constitutional injury Plaintiffs complain of, Plaintiffs must allege that Defendants knew or had reason to know that the relevant actors would remove P.M. from the McCues' custody in violation of due process. *See Gini,* 40 F.2d at 1044 ("because Mahony did not terminate Gini's employment without due process, and did not know and should not reasonably have known that her federal employer would terminate her employment without due process, Gini has failed to state a claim under § 1983."); *accord Crowe v. County of San Diego*, 593 F.3d 841, 879 (9th Cir. 2010) (there are two ways to state a cognizable constitutional claim based on defamatory statements: (1) allege that the injury to reputation was inflicted in connection with a federally protected right; or (2) allege that the injury to reputation caused the denial of a federally protected right) (citing *Herb Hallman Chevrolet v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999)). Although the TAC alleges a constitutional injury at the hands of the entities that removed P.M., it does not properly allege that Defendants Damron, Shive, and Zurin had the requisite knowledge to render their alleged defamatory statements constitutionally violative...
>
> To the extent Plaintiffs' claim is based on an alleged substantive due process violation, the TAC is deficient. Mere negligence by state officials in the conduct of their duties resulting in temporary interference with familial rights does not trigger the substantive due process protections of the Fourteenth Amendment. *E.g. Woodrum*, 866 F.2d at 1126. As alleged, the removal of P.M. by the relevant actors did not constitute "unwarranted state interference" effected "for the

> purpose of oppression." No substantive due process claim is alleged. *Fontana*, 818 F.2d at 1420; *Crowe,* 608 F.3d at 441 n.23.

(Doc. 51). Footnote three of the memorandum decision discussed the allegations necessary to establish a derivative substantive due process claim in the context of Plaintiffs' case:

> Although the TAC is sufficient to allege that certain school administrators acted with oppressive intent, it does not allege facts sufficient to establish that the persons responsible for removing P.M. from the McCues' custody acted with oppressive intent. The TAC's conclusory allegation that CPS and the Sheriff's Department "acted with malice and with the intent to cause injury to P.M." is unsupported by any factual allegation sufficient to give rise to an inference that the actions of CPS and the Sheriff's Department were anything more than negligent, at worst. (See TAC at 18-23). In order to properly state a derivative substantive due process claim against school administrators based on the theory of liability expressed in the TAC, Plaintiffs must allege facts sufficient to support an inference that the school administrators knew that the CPS and the Sheriff's Department would interfere with Plaintiffs' familial rights for oppressive purposes. See, e.g., Gini., 40 F.3d at 1044-1045.

The 4AC does not remedy the defects that required dismissal of the substantive due process claim advanced in the third amended complaint. However, the 4AC's count three of the seventh cause of action pled does sufficiently allege a derivative procedural due process claim, despite the fact that the claim is improperly labeled as a substantive due process claim.

Defendants argue that the 4AC does not comply with the instructions of the memorandum decision.[3] Defendants contend:

> the [4AC] does not contain any factual allegations which support an inference that any one of the District Defendants "were aware of the constitutionally violative policies of the CPS and the Sheriff's office"...There

---

[3] Although Defendants' motion purports to assail Plaintiffs' substantive due process claim, in fact, Defendants' arguments pertain to procedural due process.

**10**

> remains no factual allegations demonstrating how Defendants allegedly became aware of CPS or the Sheriff's Department's policy for taking children in violation of the constitution.

(Doc. 59, Motion to Dismiss at 7-8).  Defendants are incorrect.

The 4AC alleges that, on at least three occasions, two special needs students were denied accommodations by the District and were subsequently taken from their families absent exigent circumstances or probable cause after Shive reported the students' families to CPS.  (4AC at 43-44).  The 4AC provides details about the alleged incidents such as the children's ages and specific disabilities and information about the children's families.  With respect to one of the incidents, a time frame is provided.  The 4AC also alleges that Defendants Shive, Damron, Zurin, and Mixon had knowledge of the incidents by virtue of their experience with CPS and the Sheriff, including prior observations and general knowledge about the incidents.  The allegations of the 4AC are sufficient to support a reasonable inference that Defendants Shive, Damron, Zurin, and Mixon had knowledge that their false statements would set in motion a chain of events that would culminate in P.M. being removed from his parents absent exigent circumstances or a warrant.  The 4AC sufficiently alleges a cognizable derivative procedural due process claim.

**B. Motion for a More Definite Statement**

Defendants' motion to dismiss confirms that the 4AC is pled with sufficient clarity to permit Defendants to frame a response. Although both parties' submissions purport to address a substantive due process claim when in fact the issues discussed pertain to a procedural due process claim, Defendants have properly identified

**11**

the nature of Plaintiffs' due process claim and have marshaled apposite, although unsuccessful, arguments regarding the applicable pleading requirements. The 4AC contains sufficient factual allegations and is sufficiently clear to state a cognizable derivative procedural due process claim. The motion to strike is DENIED.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Defendants motion to dismiss is DENIED with respect to Plaintiffs' procedural due process claim and GRANTED as to Plaintiffs' substantive due process claim;

2) Defendants motion for a more definite statement is DENIED; and

3) Plaintiffs shall file any amended complaint within fifteen (15) days of electronic service of this decision.

IT IS SO ORDERED.

**Dated:   May 23, 2011**                    **/s/ Oliver W. Wanger**
                                            UNITED STATES DISTRICT JUDGE