ROBERT R. POWELL, ESQ.   CSB# 159747
DENNIS R. INGOLS, ESQ.   CSB# 236458
BRETT O. TERRY, ESQ.     CSB# 270694
LAW OFFICES OF ROBERT R. POWELL
925 West Hedding Street
San Jose, California 95126
(408) 553-0200 Telephone
(408) 553-0203 Facsimile
E: rpowell@rrpassociates.com


SHAWN A. MCMILLAN, ESQ.  CSB#208529
STEPHEN D. DANER, ESQ. CSB#259689
THE LAW OFFICES OF SHAWN A.MCMILLAN, APC
4955 Via Lapiz
San Diego, California 92122
T: (858) 646-0069 F: (206) 600-4582
E: attyshawn@netscape.net

Attorneys for Plaintiffs

DISTRICT COURT FOR THE EASTERN DISTRICT CALIFORNIA

[BAKERSFIELD]

| | |
|---|---|
| GRACIE DARLENE MCCUE, et al., | Case No. 1:10-CV-00233-LJO-MJS |
| Plaintiffs, | EX-PARTE PETITION FOR MINOR'S COMPROMISE |
| vs. | |
| SOUTH FORK UNION SCHOOL DISTRICT, et al., | Hearing Date: 06/18/2012<br>Hearing Time: 8:30A.M.<br>Department: 4 |
| Defendants. | |

### I.   Basis for Ex-Parte

The court is presumably familiar with the alleged facts of this case as contained in the First Amended Complaint and the Motions to Dismiss and Answers of the defendants. As such the case will be very briefly described herein.

1

Ex-Parte Application for Approval of
Minor's Compromise
McCue v. South Fork, et al.
Case No. 1:10-CV-00233- LJO-MJS

The case presents claims by Plaintiffs, Darlene & Lawrence McCue, individuals, and Darlene McCue as Guardian Ad Litem for her minor child P.M., that the individually named Defendants employed by the County of Kern (collectively referred to, along with the County, as "County Defendants") unlawfully removed the minor child from his parents, and did so as part of a policy, practice, custom or procedure of their employers, the County of Kern. The case further contains claims that P.M. was mistreated in foster care by Rick & Sandy Koernkes ("the Koernkes"), and claims that employees of the South Fork Union School District (collectively the "School District Defendants") also violated various rights of Plaintiffs.

The County Defendants, have settled all claims for relief against them with all Plaintiffs for one million dollars ($1,000,000.00).

The Koernkes have settled all claims for relief against them with all Plaintiffs for five thousand dollars ($10,000.00).

The School District Defendants have settled all claims for relief against them will all Plaintiffs for thirty thousand dollars ($35,000.00).

Plaintiffs, by and through counsel, respectfully request that the Court rule on this Petition on the pleadings, and/or that if the Court wishes to hold a hearing, that the hearing take place as soon as the Court's calendar will allow. Plaintiffs ask the Court hear this Petition on an ex-parte basis for the reasons set forth herein below. However, this pleading has been submitted with a June 18th, 2012 hearing date, in case the court is reluctant to grant the requested minor's compromise on an ex-parte basis.

Ex-Parte Application for Approval of
Minor's Compromise
McCue v. South Fork, et al.
Case No. 1:10-CV-00233- LJO-MJS

First, the Defendants do not oppose the proposed distribution set forth hereinbelow. Further, ruling on the Petition on the pleadings would reduce attorneys' fees and costs for all parties, thereby maximizing the net settlement proceeds received by the Plaintiffs.

Second, the companies that handle these types of annuities are only able to lock in quoted rates for a short period of time. Here, the annuities described hereinbelow must be purchased by July 1, 2012. While that might appear to be enough time for a regular, noticed-motion, it likely would not be in this case. That is, because the Court must approve the minor's compromise before the County Defendants will be able to obtain final approval by the County's Board of Supervisors and issue checks, time is short. County's attorney has indicated he will need two weeks to process a check, starting from the date of the Court's approval of the settlement. Further, often delays in approval of a Petition for Minor's Compromise result in Plaintiffs' counsel having to essentially start over, obtaining a new quote and submitting additional pleadings to the Court. In addition to the additional attorney's fees and costs, and use of the Court's time resulting from further pleadings, this possibility is particularly undesirable in today's economic climate, as falling interest rates translate into lower returns on the annuities, meaning less money for the minor Plaintiff upon maturity of his annuity.

Finally, if the Court desires to hold a hearing, Plaintiffs' counsel asks that it be heard as soon as the Court's calendar would allow. In addition to the risk of decreased benefits discussed in the preceding paragraph, a hearing on this Petition should only take a few

3

Ex-Parte Application for Approval of
Minor's Compromise
McCue v. South Fork, et al.
Case No. 1:10-CV-00233- LJO-MJS

minutes, as every effort has been made to provide the Court with enough detail to evaluate the Petition without hearing.[1]

## II. Summary of the Facts of the Case

Again, Plaintiffs presume the Court's familiarity with the claims and defenses, both factual and legal, and will forego a needless recounting of them herein.[2]

In short, Plaintiffs claim that minor Plaintiff P.M was wrongfully removed from his *parents* by employees of the of the County of Kern's CPS, without a warrant and in the absence of exigent circumstances justifying the lack of a warrant.

## III. Parties

The parties to this settlement are as follows:

1. Plaintiff Lawrence McCue, father of P.M.;
2. Plaintiff Darlene McCue, mother of P.M.;
3. P.M., minor child of Lawrence & Darlene McCue, by and through his mother and Guardian Ad Litem, Darlene McCue.
4. Defendants Rick & Sandy Koernke.
5. Defendant South Fork Union School District and its employees:
    a. Robin Shive;
    b. Shannon Damron;
    c. Karen Zurin;
    d. Sabine Mixion.
6. Defendant County of Kern, and its sub-agencies and employees:

---

[1] Should the Court desire any information not provided, a supplemental declaration or briefing can be submitted, usually within two business days request.

4

Ex-Parte Application for Approval of
Minor's Compromise
McCue v. South Fork, et al.
Case No. 1:10-CV-00233- LJO-MJS

      a. Child Protective Services ("CPS");

      b. CPS employee Linda Lopez

      c. CPS employee Gabriela Johnson;

      d. Kern County Sheriff's Department ("KCSD");

      e. KCSD employee James Stratton.

It should be noted that all Plaintiffs have been represented in this matter by Robert R. Powell and Shawn A. McMillan. Mr. Powell and Darlene McCue have personally reviewed and approved the settlement proposed herein.[3]

## IV. Current Status of Settlement / Litigation

The Plaintiffs have agreed to a monetary settlement explained below with all Defendants, without any admission of liability by any Defendant for the acts complained of, with each side bearing their own fees and costs, except as otherwise provided for hereinbelow. All claims against all said Defendants will be dismissed as part of the settlement.

## V. Proposed Compromise of Minor's Claims with County of Kern

Under the monetary terms of the settlement, the County of Kern will fund an annuity with ("Annuity Issuer"), which will make the scheduled payments, as set forth in Exhibit A to this Petition and to the Declaration of Robert R. Powell, submitted herewith (redacted to protect the minor Plaintiffs' privacy).[4]

---

[2] Plaintiffs' position, and that of each group of Defendants, was succinctly summarized in the "Joint Initial Scheduling Statement" [Docket #71 (pages 4-6)].

[3] Plaintiffs were represented by Ralph Wegis at the inception of this case. Plaintiffs' current counsel will pay Mr. Wegis his stipulated share of attorney's fees ($13,300) from their portion of the proceeds of the proposed settlement. There are no other lien holders, or any other attorneys expecting to be paid for previous representation of Plaintiffs other than as set forth herein.

[4] Exhibit A is attached to the Petition because Annuity Issuer prefers it that way, and it is attached to the declaration of Robert R. Powell for purpose of authentication.

Ex-Parte Application for Approval of
Minor's Compromise
McCue v. South Fork, et al.
Case No. 1:10-CV-00233- LJO-MJS

It bears mention that while all three groups of Defendants are settling with all Plaintiffs, only the County will be funding P.M.'s annuity. All calculations contained hereinbelow are based on the entire settlement amount (i.e. $1,045,000.00), but the parties have agreed that the County alone will fund the annuities for reasons of efficiency. That is, because the group of Defendant that funds the annuity must work with annuity broker, requiring several rounds of telephone calls and/or e-mails to be exchanged, and separate checks have to be written, removing the Koernke's and the District Defendants from this process will greatly streamline the process. To be crystal clear, this shall in no way be interpreted to mean that only the County Defendants have settled with P.M.

In addition to complying with the requirement under California law (Prob. Code §3600, et seq., see Prob. Code §3602(c)(1) authorizing order placing money in a single premium-deferred annuity, which is what is proposed herein) that a minor's award be secured for the minor's benefit after payment of fees and expenses to counsel or lien holders (including Ralph Wegis, whom Plaintiffs' counsel will pay directly out of their fees), the payment schedule is posited in a single-payment format with the hope of providing the minor Plaintiffs with money at age 18, which will presumably be the start of his college years, to assist with college expenses.[5]

The terms of the settlement also include the purchase of periodic payments by the County of Kern from Liberty Life Assurance Company of Boston("Annuity Issuer") which includes a Non-Qualified Assignment with BARCO Assignment Ltd. ("the Assignee"), (Ex. B to Declaration of Robert R. Powell – Attachment to Petition for Minor's Compromise, to be

6

Ex-Parte Application for Approval of
Minor's Compromise
McCue v. South Fork, et al.
Case No. 1:10-CV-00233- LJO-MJS

made on behalf of the County of Kern to the minor Plaintiff under the terms of the settlement initially reached in principle after settlement negotiations between counsel for all parties.

### A.      Distribution To Plaintiffs

In settlement of the case, without admitting liability, the Defendant County of Kern agreed to pay $1,000,000.00, to Plaintiffs.  As of the date of filing this Petition, costs incurred by Plaintiffs' counsel were $33,559.99.

Given the considerations described hereinbelow, Plaintiffs' counsel propose a division whereby the adult Plaintiffs Darlene & Lawrence receive two-thirds of the net settlement of $ $1,011,440.01 (i.e. $1,045,000.00 - $33,559.99), less attorneys' fees, and the minor P.M., would receive one-third of the net settlement (i.e. $337,146.67), less 50% for attorneys' fees. Therefore, the final, net distribution of the proceeds shall be:

- Steven & Darlene McCue - $674,293.34, to be divided between them and their attorneys pursuant to the Plaintiffs' retainer agreement;
- P.M., - $168,573.34 ($337,146.67 less 50% attorney's fees);
- Robert Powell & Shawn McMillan – $168,573.33 (attorney fees at 50% of P.M.'s net proceeds of $337,146.67);
- Robert Powell - $6,894.80 reimbursement of costs advanced;
- Shawn McMillan - $6,665.19 reimbursement of costs advanced;
- Darlene & Lawrence McCue - $20,000 reimbursement of litigation costs:
- TOTAL = $1,045,000.00.

See Attached Exhibit A.

To the extent that the Court may consider the amount received by P.M. small in comparison to that received by Darlene & Lawrence, despite the fact that all three Plaintiffs

7

Ex-Parte Application for Approval of
Minor's Compromise
McCue v. South Fork, et al.
Case No. 1:10-CV-00233- LJO-MJS

are taking equal portions, it is important to point out that P.M.'s reputations in the community were not soiled, as were his parents'. P.M. was not made to suffer the indignation of being called child abusers, as were his parents. And so on.

Furthermore, and perhaps most significantly given the expenses incurred thus far, and to be incurred in the future, for juvenile court attorneys and therapy for all Plaintiffs, among other things, are over $100,000, all of which have been and will be paid by Lawrence & Darlene, in reality P.M. will actually receive more money, net of taxes and expenses, than either of his parents individually, if not combined.

Finally, P.M. will clearly also benefit from the money received by his parents, from everything from having his therapy expenses paid for to family vacations to new bicycles or whatever other shiny baubles parents spoil children with when finances allow it.

P.M. appears to have fully recovered from any emotional damages suffered, though some lingering fear or mistrust of authority figures may remain.

### B.   Attorney Fees & Costs

The Court is also asked to approve the payment of attorney fees to Plaintiffs' counsel in the sum of $168,573.33. This represents 50% of the minors' net settlement figure of $337,146.67.

Plaintiffs' counsel had no prior relationship with Plaintiffs prior to this case.

Plaintiffs' counsel submit their fees and costs are reasonable and should be awarded in the amounts requested.

## VI.   Conclusion

Plaintiffs and their counsel request the Court approve the distribution of proceeds of settlement as set forth hereinabove, and the payment of attorneys' fees and costs, without a

8

Ex-Parte Application for Approval of
Minor's Compromise
McCue v. South Fork, et al.
Case No. 1:10-CV-00233- LJO-MJS

1 hearing. Plaintiffs have submitted a proposed order in this regard and respectfully request the

2 Court's signature thereon, and filing thereof.

Date: May 18, 2012         /S/  Robert R. Powell
                           Robert R. Powell, Esq.
                           Attorney for Plaintiffs

9

Ex-Parte Application for Approval of
Minor's Compromise
McCue v. South Fork, et al.
Case No. 1:10-CV-00233- LJO-MJS

Case 1:10-cv-00233-LJO-MJS   Document 97   Filed 05/18/12   Page 10 of 17

EXHIBIT A

**ATTACHMENT TO PETITION
FOR MINOR'S COMPROMISE
FOR:
P.M. – DOB: ▓▓▓/2000**

### Payments

In consideration of the Petition for Minor's Compromise, attached hereto, County of Kern (the "Defendant"), agrees to settle this claim for P.M., a minor, by and through his Natural Parent and Guardian ad Litem, Gracie McCue, (the "Plaintiff").

Periodic Payments made payable to P.M. (the "Payee") according to the schedule as follows (the "Periodic Payments"):

**Guaranteed Lump Sum Payment**

| Age | Amount | Payment Date | Guaranteed Payout |
|---|---|---|---|
| 18 | $182,000 | ▓▓▓/2018 | $182,000 |

*The exact cost of the Periodic Payments is $166,906.67.*

*Funding delays and/or rate adjustments may result in minor changes to the benefits listed above. Such changes will be correctly reflected in the associated Release document.*

### Payee's Rights to Payments

The Plaintiff acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiff or any Payee and no part of the payments called for herein nor any assets of the Defendant is to be subject to execution or legal process for any obligation in any manner, nor shall the Plaintiff or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

### Consent to Non-Qualified Assignment[1]

The Plaintiff acknowledges and agrees that the Defendant may enter into a Non-Qualified Assignment with Barco Assignments Ltd. ("Assignee") to make the Periodic Payments set forth herein. Specifically, the County of Kern (the "Assignor"), as the payor of the consideration for the Periodic Payments recited herein, shall purchase the above Periodic Payments and assign its obligation by signing a Non-Qualified Assignment document to make the Periodic Payments called for above in this Attachment to Petition for Minor's Compromise. The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of the Defendant (whether by judgment or agreement) immediately preceding the transfer of the Periodic Payments obligation. Liberty Life Assurance Company of Boston will distribute a Notice of Financial Commitment to BARCO Assignments Ltd. with the contract. Liberty Life Assurance Company of Boston has received high ratings from A. M. Best, (A), and Standard & Poor's, (A-) **(See attached ratings sheet).**

Such assignment shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendant from the Periodic Payments obligation assigned to the Assignee. The Plaintiff recognizes that the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendant shall thereupon become final, irrevocable, absolute, and non-contingent. The Plaintiff agrees that such assignment shall constitute a full release and discharge of all of the Defendant's obligations relative to the Periodic Payments set forth above.

**Right to Purchase an Annuity**
The Defendant, itself, or through its Assignee, reserves the right to fund the liability to make the Periodic Payments by purchasing an annuity policy from Liberty Life Assurance Company of Boston. The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Assignee may have Liberty Life Assurance Company of Boston mail payments directly to the Payee. The Plaintiff shall be responsible for maintaining the accuracy of the current mailing address and mortality information for the Payee with the Assignee.

**Non-Assignment**
None of the Periodic Payments and no rights to or interest in any of the Periodic Payments (all of the foregoing being hereinafter collectively referred to as "Payment Rights") can be
    i.    Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or
    ii.    Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to as a "Transfer") has been approved in advance in a "Qualified Order" as defined in Section 5891(b)(2) of the Code (a "Qualified Order") and otherwise complies with applicable state law, including without limitation any applicable state structured settlement protection statute.
    iii.    No Plaintiff or Successor Payee shall have the power to effect any Transfer of Payment Rights except as provided in sub-paragraph (ii) above, and any other purported Transfer of Payment Rights shall be wholly void. If Payment Rights under this Agreement become the subject of a Transfer approved in accordance with sub-paragraph (ii) above, the rights of any direct or indirect transferee of such Transfer shall be subject to the terms of this Agreement and any defense or claim in recoupment arising hereunder.

**Payee's Beneficiary**
Any payments to be made after the death of the Payee pursuant to the terms of this Attachment to Petition for Minor's Compromise shall be made to such person or entity as shall be designated in writing by the Payee, upon reaching the age of majority, to the Assignee. If no person or entity is so designated by the Payee, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee. The designation must be in a form acceptable to the Assignee before such payments are made.

**Discharge of Obligation**
The obligation the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check to the designated address or upon electronic transfer into the designated bank account in the amount of such payment to the Payee named in this Attachment to Petition for Minor's Compromise. Upon notice from the Payee that a payment was not received, the Assignee will initiate reasonable stop payment action and upon confirmation that the funds were not negotiated or deposited, Assignee will process a replacement payment.

---

[1] This process involves the herein referenced Defendant issuing a check payable to Barco Assignments Ltd. and signing a Non-Qualified Assignment and Release document to transfer their obligation for these payments to the Assignee.

## List of Company Ratings

**Company:** Liberty Life Assur of Boston
**Domicile:** NH
**Established:** 1963

### A.M. Best Company Rating

Excellent. Assigned to companies that have, in our opinion, an excellent ability to meet their ongoing obligations to policyholders.

### Standard & Poor's Financial Strength Rating

An insurer rated 'A' has STRONG financial security characteristics, but is somewhat more likely to be affected by adverse business conditions than are insurers with higher ratings.

### Comdex Ranking - VitalSigns Composite Index

The Comdex gives the average percentile ranking of this company in relation to all other companies that have been rated by the rating services. The Comdex Ranking is the percentage of companies that are rated lower than this company.

---

A Best's Financial Strength Rating opinion addresses the relative ability of an insurer to meet its ongoing insurance obligations. It is not a warranty of a company's financial strength and ability to meet its obligations to policyholders. View our Important Notice: Best's Credit Ratings for a disclaimer notice and complete details at http://www.ambest.com/ratings/notice.

Watch list identifiers follow the ratings if the company is on the rating service's watch list. The identifier indicates a possible upgrade (w+), downgrade (w-), or unknown change (w).

The ratings on this report are current as of May 15, 2012. These ratings have been selected by your life insurance advisor from among the ratings assigned to this insurer.
Presented by: J. Douglas Merritt, Ringler Associates, Inc., 1981 N. Broadway, Suite 440, Walnut Creek, CA 94596 Phone: 8003521912 Email: jmerritt@ringlerassociates.com

EXHIBIT B

# Non-Qualified Assignment and Release of Periodic Payment Obligation

"Claimant"          P███ M███

"Assignor"          County of Kern

"Assignee"          Barco Assignments Ltd.

"Annuity Issuer"    Liberty Life Assurance Company of Boston

"Effective Date"

This Agreement is made and entered into by and between the parties hereto as of the Effective Date with reference to the following facts:

A.  Claimant has executed a settlement agreement or release dated _____, 2012 (the "Settlement Agreement") that provides for the Assignor to make certain periodic payments to or for the benefit of the Claimant as stated in Addendum No. 1 (the "Periodic Payments"); and

B.  The parties desire to effect an assignment of Assignor's periodic payment liabilities to Assignee.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the parties agree as follows:

1.  The Assignor hereby assigns and the Assignee hereby assumes all of the Assignor's liability to make the Periodic Payments. The Assignee assumes no liability to make any payment not specified in Addendum No. 1.

2.  The Assignee's liability to make the Periodic Payments is no greater than that of the Assignor immediately preceding this Agreement. Assignee is not required to set aside specific assets to secure the Periodic Payments. The Claimant has no rights against the Assignee greater than a general creditor. None of the Periodic Payments may be accelerated, deferred, increased or decreased and may not be anticipated, sold, assigned or encumbered.

3.  The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check in the amount specified to the address of record.

4.  This Agreement shall be governed by and interpreted in accordance with the laws of <u>California</u>.

5.  The Assignee may fund the Periodic Payments by purchasing an annuity contract or funding agreement issued by the Annuity Issuer. All rights of ownership and control of such annuity contract or funding agreement shall be and remain vested in the Assignee exclusively.

6.  The Assignee may have the Annuity Issuer send payment under any annuity contract or funding agreement purchased hereunder directly to the payee(s) specified in Addendum No. 1. Such direction of payments shall be solely for the Assignee's convenience and shall not provide the Claimant or any payee with any rights of ownership or control over the annuity contract, funding agreement or against the Annuity Issuer.

7. Assignee's liability to make the Periodic Payments shall continue without diminution regardless of any bankruptcy or insolvency of the Assignor.

8. In the event that the Settlement Agreement is declared terminated by a court of law this Agreement shall terminate. The Assignee shall then assign ownership of any annuity contract or funding agreement purchased hereunder to Assignor, and Assignee's liability for the Periodic Payments shall terminate.

9. This Agreement shall be binding upon the respective representatives, heirs, successors and assigns of the Claimant, the Assignor and the Assignee and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

10. Claimant hereby accepts Assignee's assumption of all liability for the Periodic Payments and hereby releases Assignor from all liability for the Periodic Payments.

Assignor:   County of Kern

By: _____
        Authorized Representative

Title _____

Assignee:   Barco Assignments Ltd.

By: _____
        Authorized Representative

Title _____

Claimants: _____
P███ M███, a minor, by and through his Natural Parent and Guardian ad Litem, Gracie McCue

Approved as to Form and Content:

_____
      Claimant's Attorney

# Addendum No. 1
# Description of Periodic Payments
## For:

## Preston McCue – DOB: ▮▮/2000

*Payable to Preston McCue:*
**Guaranteed Lump Sum Payment**

| <u>Age</u> | <u>Amount</u> | <u>Payment Date</u> |
|---|---|---|
| 18 | $182,000 | ▮▮/2018 |

**Initials**

Assignor_____

Claimant_____

Assignee_____